Blume v. Newman *et al.*—Syllabus.

---

E. J. BLUME, *Appellant,* v. P. M. NEWMAN *et al.,*
*Appellees.*

Opinion Filed March 11, 1913.

An unauthorized transcript from the books of original entry possesses no evidentiary value, to prove an account.

Appealed from the Circuit Court for Suwannee County.

Decree affirmed.

*Rees & Rees*, for Appellant;

*J. F. Harrell*, for Appellees.

COCKRELL, J.—This is an appeal from a decree dismissing a bill to enforce a mortgage lien. The mortgage was in form a deed of conveyance, but in fact a security for an indebtedness. The defenses were payment and estoppel in behalf of a purchaser from the mortgagor, by reason of a statement to him by the mortgagee prior to the purchase, that the indebtedness had been paid and that the mortgage would be cancelled. Upon either defense, the evidence, though conflicting, is yet sufficient to prevent interference by us with the finding of the Circuit Court.

Error is assigned upon the supposed ruling excluding certain evidence. It does not appear with certainty that the ruling was made by the court, but both parties here proceed upon that hypothesis. It is, however, certain that the evidence was subject to the objections interposed.

To rebut the evidence as to payment, the complainant offered a statement, alleged to have been taken from his books of original entry, in order to prove that a certain note of a third party given him by the mortgagor had never been credited on the account. The books themselves might in this case have been evidence, but we fail to see how an unauthorized transcript from them could of itself possess evidential value, or add any

weight to the sworn statement of the witness that this note had not been credited on this account.

The decree is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, HOCKER AND WHIT-FIELD, J. J., concur.